UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TOMMY CABRAL CARDENAS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 24-12997-LTS |
| JOE BIDEN, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

February 24, 2025

SOROKIN, J.

On November 25, 2024, Tommy Cabral Cardenas, a resident of Cambridge, Massachusetts,[1] filed a *pro se* complaint against former President Biden and Claudine Gay, former Harvard University President, alleging "jurisdiction over this federal question pursuant to the U.S. Constitution." Complaint ("Compl."), Doc. No. 1, at 1. As best can be gleaned from the handwritten complaint, plaintiff seeks protection under 47 U.S.C. § 315 and to have this Court enter an injunction forbidding a newscast. Plaintiff did not pay the filing fee nor seek leave to proceed *in forma pauperis*.

This Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Although Congress may

---

[1] The complaint was mailed to the Court in an envelope listing plaintiff's return address in Visalia, California. Compl. at 3.

grant certain rights by statute, an aggrieved party may only sue for a violation of those rights if Congress expressly or implicitly created a private cause of action. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 570-76 (1979). That is not the case here.

Section 315(a) of the Communications Act requires federally licensed broadcasters to provide all candidates running for a public office equal opportunity to utilize the broadcast station. 47 U.S.C. § 315(a). To the extent plaintiff alleges that defendants violated the Communications Act, Section 315(a) does not create a private right of action. *See Levinson v. N.H. Pub. Television*, No. 11-589-PB, 2012 WL 1148259, at *4 (D.N.H. 2012) (citing *Forbes v. Ark. Educ. Television Commc'n Network Found.*, 22 F.3d 1423, 1427 (8th Cir. 1994)). Additionally, Section 315 of the Communications Act does not apply to the defendants because neither are alleged to be a station licensee.

Finally, Cardenas lacks standing to sue Biden. Under the United States Constitution, "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). To establish standing under article III, among other things, Cardenas must show "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *Id.* "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *Id.* at 413 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). Here, Cardenas does not have standing to sue because there is no particularized injury to him based upon the defendant's alleged violations of the Communications Act or the Constitution.

Even with the liberal construction afforded *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), this action is subject to dismissal. "If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Accordingly, this action is hereby <u>DISMISSED</u> pursuant to Fed. R. Civ. P. 12(h) for lack of subject matter jurisdiction.  The Clerk shall enter a separate order of dismissal.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge